**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

NATIONAL EVENTS HOLDINGS, LLC, *et. al.,*

        Debtors.

Chapter 7
Case No. 17-11556 (JLG)
(Jointly Administered)

In re

CONSOLIDATED PROCEEDINGS ON CERTAIN
COMMON ISSUES OF LAW AND FACT.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH P. SILVERMAN, ESQ., THE
CHAPTER 7 TRUSTEE OF THE JOINTLY
ADMINISTERED ESTATES OF NATIONAL
EVENTS HOLDINGS, LLC., *et al.,*

        Plaintiff,

    -against-

DEFENDANTS IN THE ADVERSARY
PROCEEDINGS LISTED ON EXHIBIT A,

        Defendants.

Master Docket
Adv. Pro. No. 20-_____ (JLG)

**ORDER ESTABLISHING CONSOLIDATED MASTER PROCEEDING**
**AND CASE MANAGEMENT PROCEDURES ON CERTAIN ISSUES OF**
**LAW AND FACT COMMON TO PENDING AVOIDANCE PROCEEDINGS**

This matter comes before the Court to consider the establishment of a consolidated master proceeding for the consideration of certain issues of law and/or fact that are common to the Adversary Proceedings (as defined below).

The Court has conducted pretrial conferences with counsel for Kenneth P. Silverman, the Chapter 7 Trustee ("Trustee") of the jointly administered estates of National Events Holdings, LLC and six other debtors (collectively, the "Debtors"),[1] and the defendants in various of the Adversary Proceedings (as defined below). The parties, in turn, have met and conferred to consider the matter. The Court believes that the early action contemplated by this Order will conserve judicial resources and facilitate effective case management.

## BACKGROUND

A. On or before ~~June 5~~ **July 31 [JLG]**, 2019, the Trustee filed complaints commencing approximately 140 adversary proceedings seeking to avoid and recover various transfers as alleged fraudulent transfers and/or preferences under the Bankruptcy Code and/or as fraudulent conveyances under New York state law made available to the Trustee by the Bankruptcy Code. The adversary proceedings that have not been dismissed or adjudicated as of the date of this Order are listed on Exhibit 1, and are referred to in this Order collectively as the "Adversary Proceedings").

---

[1] The jointly administered Debtors (and their case numbers) are:

> National Events Holdings, LLC (Case No. 17-11556 (JLG))
> National Events Intermediate, LLC (Case No. 17-11557 (JLG))
> National Event Company II, LLC (Case No. 17-11559 (JLG))
> National Event Company III, LLC (Case No. 17-11561 (JLG))
> World Events Group, LLC (Case No. 11562 (JLG))
> National Events of America, Inc. (Case No. 17-11798 (JLG))
> New World Events Group, Inc. (Case No. 17-11799 (JLG))

B.     The Trustee alleged in all of the complaints in the Adversary Proceedings that the Debtor's principal, Jason Nissen, perpetrated a "Ponzi scheme" or a "Ponzi-type scheme" involving the Debtors.

C.     In addition to seeking to avoid certain transfers as preferences, the Trustee alleged in all of the complaints that certain transfers are avoidable as actual fraudulent transfers or fraudulent conveyances by reason of their having been made by the Debtors with actual intent to hinder, delay or defraud their creditors in violation of the applicable provisions of the Bankruptcy Code and/or New York State law, and that he is entitled to recover the property transferred by the Debtors or the value of such property from either the initial transferees and/or the immediate or mediate transferees of such initial transferees.

D.     The Trustee also alleged in all of the complaints that certain transfers are avoidable as constructive fraudulent transfers or constructive fraudulent conveyances by reason of their having been made by the Debtors when the Debtors were insolvent or were rendered insolvent, and for less than reasonably equivalent value or fair consideration within the meaning of the applicable provisions of the Bankruptcy Code and New York State Debtor and Creditor Law, and that he is entitled to recover the property transferred by the Debtors or the value of such property from either the initial transferees and/or the immediate or mediate transferees of such initial transferees.

E.     After consultation among themselves and with the Court, the parties identified a number of issues of law and fact that they believe to be common among all of the Adversary Proceedings and for which they and the Court believe that early intervention and consolidated proceedings will streamline the conduct of the litigation, conserve resources of the Court and the parties, and allow for determinations of issues that may narrow the scope of later proceedings in

the litigation. At a pretrial conference on February 4, 2020, the Court directed the parties to meet and confer concerning a protocol relating to the Court's consideration of common issues of fact and law in the Adversary Proceeding.

F.      The parties seek the entry of an order establishing the Master Proceeding (as defined below) for the purpose of determining such common issues.

G.      The Court finds that a consolidated proceeding as established by this Order, for the purpose of administering pretrial proceedings, discovery and determination of the Threshold Common Issues (as defined below) is warranted and necessary for considerations of judicial economy and efficiency.

**NOW, THEREFORE,** the Court, having considered the matters; and having held a hearing on the matters and heard from those parties that wished to be heard; and after due consideration; and for good and sufficient cause,

**THE COURT FINDS** that it has the authority to enter this Order, sever the Threshold Common Issues (as defined below) from the Adversary Proceedings and consolidate them in a separate proceeding regarding such matters under Rules 42, 16 and 26 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable by Rules 7042, 7016 and 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), 11 U.S.C. § 105(a), and the inherent power of the Court to manage its docket.

**IT IS, THEREFORE ORDERED,** the request of the parties for an order establishing the Master Proceeding is granted.

**IT IS FURTHER ORDERED** that the following procedures shall govern the Master Proceeding.

**A.    ESTABLISHMENT OF MASTER PROCEEDING FOR
<u>CONSOLIDATED CONSIDERATION OF COMMON ISSUES</u>**

1.      A separately-numbered master adversary proceeding shall be established and maintained by the Clerk on the docket of the Court in connection with the above-referenced jointly administered Chapter 7 case, for consideration and determination of the Threshold Common Issues of law and/or fact identified below (the "<u>Master Proceeding</u>"). The Clerk is directed to file a copy of this Order in the docket of each Adversary Proceeding.  Except as provided or permitted by this Order, each Adversary Proceeding is stayed pending resolution of the Master Proceeding, without prejudice to the right of any Defendant to seek relief from such stay for good cause determined by the Court in its exercise of discretion, upon notice and after a hearing.

2.      The Trustee is deemed the plaintiff in the Master Proceeding.

3.      All Defendants in the Adversary Proceedings are hereby joined as parties to the Master Proceeding, and shall be bound by all proceedings conducted therein (except as otherwise provided below to the extent that a Defendant has not consented to the entry of final orders or judgments by this Court).

4.      The Defendants are encouraged to designate lead and/or liaison counsel (or a working group of lead and/or liaison counsel) to coordinate the participation of the Defendants in the Master Proceeding. Any such counsel who may be so designated will only act in a limited coordinating capacity on behalf of the Defendants, but shall not have the authority (except as it relates to the Defendants directly represented by such counsel) to bind any Defendant(s) without express approval of such Defendant(s) or his/her/its respective counsel, as may be the case.

5.      The Trustee's counsel shall use reasonable efforts to prepare and file joint briefs and papers in the Master Proceeding.  All Defendants shall use reasonable efforts to coordinate and cooperate to (i) prepare and file joint briefs and papers in the Master Proceeding, and

(ii) designate one firm to file joint briefs and papers in the Master Proceeding. Any Defendant that wishes to file a supplemental brief on a Threshold Common Issue (or discovery dispute as discussed below) must first show cause to the Court either before, or not later than seven (7) days after, the filing and service of the joint brief as to why the filing of a supplemental brief is appropriate. A Defendant's application for leave to file a supplemental brief shall stay the Trustee's deadline to file a brief in response/reply to the joint brief for the period of time until the Court decides if cause exists necessitating the filing of a supplemental brief. In the event leave is granted to file a supplemental brief, the Order authorizing the filing of a supplemental brief shall set a page limit for the supplemental brief and extend the Trustee's deadline to oppose both the joint brief and all supplemental briefs to a common date of no less than fourteen (14) days after the filing and service of the latest supplemental brief.

6. Within fourteen (14) days after entry of this Order: (i) any Defendant who: (a) has not filed an answer to the complaint in the respective Adversary Proceeding, (b) not filed a proof of claim against any of the Debtors, and (c) does not consent to the entry of final orders or judgment by this Court shall file a statement in this Master Proceeding pursuant to Bankruptcy Rule 7012 stating that such Defendant does or does not consent to the entry of final orders or judgment by this Court; and (ii) at least one attorney of record for a Defendant in the Adversary Proceedings shall file a notice of appearance in the Master Proceeding. The filing of a notice of appearance pursuant to this paragraph shall not constitute Defendant's consent to jurisdiction or a waiver of any defense that may be available to the counsel's client, whether under Bankruptcy Rule 7012 or otherwise; except that all Defendants that have not filed statements or answers pursuant to this Paragraph 6 or otherwise shall be deemed to have consented to the entry of final orders and/or judgments by this Court.

7.     This Order shall apply automatically to any adversary proceedings later filed by the Trustee that involve any of the Threshold Common Issues or that could be affected by a determination of the Threshold Common Issues. A copy of this Order shall be served along with the summons and complaint in each such action and reflected in connection with any associated affidavit of service. Any defendant in a later-filed adversary proceeding objecting to the consolidation of such action in the Master Proceeding, or to any other terms of this Order, shall, within thirty (30) days after service, file and serve upon the Trustee a detailed objection with request for a conference and, as may be appropriate further proceedings.

9.     Papers filed in the electronic docket of the Master Proceeding shall be deemed to be served electronically by the Court's ECF docket system on all counsel in the Master Proceeding.

10.     With respect to any Defendant who is appearing *pro se* and who does not have electronic filing credentials, service shall be made on and by such party in accordance with the applicable rules and procedures of the Court for service of pleadings and papers on persons who cannot be served electronically. The Trustee shall cause a copy of this Order to be served on any such Defendant within 10 days after the entry of this Order.

**B.     SEVERANCE OF ISSUES FROM THE ADVERSARY PROCEEDINGS FOR CONSOLIDATION AND CONSIDERATION IN THE MASTER PROCEEDING**

11.     Subject to the stipulation in Paragraph 12 below, the issues identified in Paragraph 13 below are severed from each Adversary Proceeding and are consolidated in the Master Proceeding for further consideration by the Court in accordance with this Order (the "Threshold Common Issues").

12.     (a)     Solely for purposes of the Master Proceeding and each Adversary Proceeding, the Trustee stipulates, and Defendants are deemed to stipulate, as follows:  The

Debtors operated as a single, common business enterprise at all relevant times during the applicable reach back period for each and all of the Trustee's avoidance claims. The calculation of a Defendant's alleged liability for challenged transfers shall be performed on an aggregated basis that accounts for all of the Debtors collectively and not on an entity-by-entity basis. For any Defendant's defense based on value alleged to have been given by such Defendant to any Debtor, such value shall be treated as having been given to the single, common business enterprise operated by the Debtors at all relevant times during the applicable reach back period for each and all of the Trustee's avoidance claims.

(b)     The stipulation above shall govern all avoidance claims and all defenses in the Master Proceeding and in each Adversary Proceeding. References to "the Debtors" in the Threshold Common Issues set forth in Paragraph 13 below and elsewhere in this Order shall mean the single, common business enterprise operated by the Debtors during the applicable reach back periods for the Trustee's avoidance claims. This stipulation shall not constitute a determination or adjudication or otherwise have any evidentiary effect in any Debtor's separate bankruptcy case and/or in the Debtors' jointly administered bankruptcy cases that any or all the Debtors are, or should be, substantively consolidated.

13.     The following Threshold Common Issues shall be considered by the Court in the Master Proceeding:

(a)     Did the Debtors operate a Ponzi scheme? If yes:

(1)     Is the Trustee entitled to invoke the so-called "Ponzi scheme presumption" with respect to the Trustee's claims to avoid and recover transfers made by the Debtors with alleged actual fraudulent intent?

(2) When did the scheme commence, and did it ever end (whether permanently or intermittently)?

(b) Were the Debtors insolvent, and if so, at what time or times did the Debtors became **become [JLG]** insolvent, and what was the duration of such insolvency?

(c) For each transfer challenged under the New York State fraudulent conveyance statutes made available to the Trustee under Section 544 of the Bankruptcy Code, is there an existing "predicate creditor" through which the Trustee may have standing to avoid and recover the transfer?

**C.**     <u>**EFFECT OF SEVERANCE AND CONSOLIDATION**</u>

14.     The establishment of this Master Proceeding is not intended to deprive any Defendant or such Defendant's counsel from any opportunity to, subject to the terms of Paragraph 5 above, participate in, and be heard in, any proceedings before the Court and any discovery proceedings in the Master Proceeding or in the respective Adversary Proceeding pending against such Defendant.

15.     This Order is without prejudice to the right of any Defendant to seek the severance of his/her/its Adversary Proceeding from the Master Proceeding for good cause as determined by the Court in its exercise of discretion, upon notice and after a hearing.

**D.**     <u>**FILING OF PAPERS AND PLEADINGS**</u>

16.     All orders, pleadings, motions and papers relating to this Master Proceeding (other than discovery papers excepted from filing under the Bankruptcy Rules, Local Bankruptcy Rules of the Court or the Chambers' Rules of the undersigned Judge) shall be filed in the docket of the Master Proceeding, and shall be deemed to have been filed in the separate docket of each Adversary Proceeding.

17.     All papers filed in the Master Proceeding will bear a caption substantially similar to the caption of this Order. If a paper or pleading is generally applicable to all of the consolidated Adversary Proceedings, it shall include in the caption a clear notion to the effect that it "relates to all consolidated actions" and shall be filed and docketed only in the Master Proceeding. Documents that are intended to apply to a particular Adversary Proceeding in whole or in part will indicate the action number to which it relates, and shall be filed in the dockets of both the Master Proceeding and the relevant Adversary Proceeding.

**E.     TRUSTEE'S INITIAL STATEMENT OF THE CASE ON THE THRESHOLD COMMON ISSUES; INITIAL DISCLOSURES**

18.     Within twenty-one (21) days after the entry of this Order, the Trustee shall serve "initial disclosures" pursuant to Fed. R. Civ. P. 26(a)(1) and Fed. R. Bankr. P. 7026. The initial disclosures shall include: the date of each transfer to the Defendant, the amount of the transfer, the identity of the transferee, the form of each transfer (*i.e.*, cash, check, wire transfer or other), the date and amount of all monetary or other consideration or value received by any Debtor from such Defendant, and the alleged net avoidance liability of the Defendant.  If a Defendant is alleged to have received a subsequent transfer that the Trustee seeks to recover, the initial disclosures shall also include: (i) the date, amount, and form of each transfer to the initial transferee, (ii) the date and amount of all monetary or other consideration or value received by any Debtor from the initial transferee, (iii) the alleged net avoidance liability of the initial transferee, and (iv) the date, amount, and form of each transfer from the initial transferee to the subsequent transferee.  Within twenty-one (21) days after receipt of the Trustee's initial disclosures, each Master Proceeding Defendant shall serve initial disclosures upon the Trustee to the extent such disclosures relate to the Threshold Common Issues.

19.     Not later than forty-five (45) days after the entry of this Order, the Trustee, as plaintiff in the Master Proceeding, shall file written statements of the Trustee's contentions and factual allegations concerning the Threshold Common Issues.

**F.      ANSWERS OR PRE-ANSWER MOTIONS IN
THE SEPARATE ADVERSARY PROCEEDINGS**

20.     Not later than twenty-one (21) days after the Trustee's filing of the written statements of the Trustee's contentions and factual allegations concerning the Threshold Common Issues pursuant to Paragraph 19 above, any Defendant who has not filed in the respective Adversary Proceeding either an answer or pre-answer motion to the complaint shall file an answer to the complaint or a pre-answer motion, and a party that has already filed an answer may file an amended answer.  Notwithstanding any other provision of this order, Defendants may raise any defense in any such answer or pre-answer motion, regardless of whether the issue is covered by Paragraph 13 above.  If a pre-answer motion is filed, the Court will set a schedule for briefing and argument of such motion or defer such proceedings. The Court on its own motion may consolidate the hearing of any such motion with other motions that raise identical or similar issues.

**G.      DISCOVERY PLAN; FACT DISCOVERY, AND
PROVISIONS RELATING TO ALL DISCOVERY**

21.     Except for the service of initial disclosures in accordance with Bankruptcy Rule 7026 and Civil Rule 26((a)(i) as previously directed by the Court, or as may be directed by the Court for any later-filed adversary proceeding involving Threshold Common Issues, discovery in any Adversary Proceeding on matters other than the Threshold Common Issues is stayed, without prejudice to the right of any Defendant to seek relief from such stay for good cause determined by the Court in its exercise of discretion, upon notice and after a hearing.

22.     Within 45 days after entry of this Order, the parties shall meet and confer in good faith to negotiate the terms of a detailed Discovery Plan to govern the Master Proceeding consistent

in all respects with this Order. The Discovery Plan shall address fact discovery (including the use of interrogatories, document requests, depositions of fact witnesses, expert disclosures (including expert reports, production of documents considered by the experts, and depositions of expert witnesses), and confidentiality arrangements for appropriate materials.

23.     Fact discovery in the Master Proceeding shall be limited to the Threshold Common Issues set forth in Paragraph 13 above, and shall not encompass any other issues (excluding discovery on matters relating to possible impeachment of witnesses offering testimony relating to the Threshold Common Issues) unless first authorized by the Court. All discovery requests and responses relating to the Threshold Common Issues shall be subsumed in their entirety by the Master Proceeding.

24.     The parties shall seek to coordinate fact discovery in order to reasonably consolidate demands made of the Trustee, manage the number of depositions, and to avoid multiple depositions of fact witnesses and experts. Defendants shall use reasonable efforts to coordinate and cooperate to propound joint discovery demands on the Trustee relating to Threshold Common Issues. A Defendant that wishes to propound separate demands as to a Threshold Common Issue must first show cause to the Court (within 7 days after the service of joint discovery demands) as to why the additional demands are appropriate. A defendant's application for leave to propound separate demands shall stay the Trustee's deadline to respond to the joint demands for the period of time until the Court decides if cause exists necessitating the service of the separate demands. In the event leave is granted to serve separate demands, the Order authorizing such demands shall extend the Trustee's deadline to respond to both the joint demands and all supplemental demands to a common date of no less than thirty (30) days after the service of the latest supplemental demands.

25. Any limitations on discovery set forth herein shall not apply to witnesses required for certification and/or authentication of documents relating to the Master Proceeding.

26. For purposes of the Master Proceeding only, the restrictions on interrogatories set forth in Local Bankruptcy Rule 7033-1(a) shall be relaxed so that the Master Proceeding Defendants may propound joint interrogatories that shall not exceed fifty (50), inclusive of sub-interrogatories, with respect to each Threshold Common Issue.

27. To facilitate the Trustee's production of documents and information in response to discovery requests propounded to the Trustee, the Trustee shall establish a central electronically-accessible information data room depository. Only counsel for parties to the Master Proceeding shall be permitted to have electronic access to such depository.

28. All fact discovery deadlines in the Master Proceeding shall be set forth in the Discovery Plan, and may not be extended without further order of the Court on consent of the parties or for good cause shown.

29. Pursuant to Local Bankruptcy Rule 7005-1(a), discovery requests and responses in the Master Proceeding will not be filed with the Court except to the extent they are offered in connection with a motion under Bankruptcy Rules 7012, 7016, 7026, 7037 or 7056.

30. All parties and their counsel are reminded of their obligations relating to discovery and the consensual or judicial resolution of discovery issues and disputes, under Bankruptcy Rules 7016(f) and/or 7037, Local Bankruptcy Rule 7007-1, and the Chambers Rules of the undersigned judge. No motion regarding any matters under Bankruptcy Rules 7026-7037 and the associated Civil Rules will be heard by the Court unless counsel for the moving party (i) has first met and conferred telephonically with counsel for the opposing party and, after reasonable efforts, been unable to resolve the matter consensually, and (ii) if the matter was not resolved as a result of such

consultations among the parties, the moving party has requested an informal pre-motion conference with the Court by letter docketed in the Master Proceeding, and the Court has permitted the party to proceed with motion practice. A letter requesting an informal conference with the Court shall briefly and fairly set out the nature of the dispute and certify the inability of the affected parties to resolve the matter without judicial assistance. An informal pre-motion conference may be convened telephonically by the Court. Defendants' cooperation and coordination in the preparation and filing of letters requesting informal conferences and/or discovery related motions shall be governed in a manner similar to that set forth in Paragraph 5 above.

31.    Not later than forty-five (45) days after the conclusion of fact discovery on the Threshold Common Issues, the Trustee, as plaintiff in the Master Proceeding, shall file a written statement identifying all supporting evidence that the Trustee expects to offer in support of the Trustee's position on the Threshold Common Issues.  Within twenty-one (21) days after the filing of the Trustee's statement pursuant to this Paragraph 31, Defendants shall use reasonable efforts to coordinate and cooperate to file a joint counterstatement identifying all supporting evidence that they expect to offer in support of their position on the Threshold Common Issues.

## H.    **EXPERT DISCOVERY**

32.    The Trustee and Defendants may offer affirmative expert reports and/or rebuttal expert reports (collectively referred to herein as "Expert Reports") on the Threshold Common Issues. These expert reports must comply in all respects with the disclosure requirements under Bankruptcy Rule 7026 and Civil Rule 26(a)(2). Each side shall use reasonable efforts to minimize the number of Expert Reports submitted with respect to each Threshold Common Issue. Defendants that wish to offer supplemental Expert Reports in addition to any joint Expert Report submitted by the Defendants as to a Threshold Common Issue must first show cause to the Court (either before or within 7 days after the offering of the joint Expert Reports) as to why the offering

of a supplemental Expert Report is appropriate. A defendant's application for leave to offer a supplemental Expert Report shall stay the Trustee's deadline to offer an Expert Report in response/reply to the Defendants' joint Expert Report for the period of time until the Court decides if cause exists necessitating the offering of a supplemental Expert Report. In the event leave is granted to offer a supplemental Expert Report, the Order authorizing the offering of a supplemental Expert Report shall extend the Trustee's deadline to offer an Expert Report in response/reply to both the joint Expert Report and all supplemental Expert Reports to a common date of no less than thirty (30) days after the offering of the latest supplemental Expert Report.

33. Experts who submit affirmative and/or rebuttal Expert Reports (including supplemental Expert Reports) on the Threshold Common Issues may be deposed. Such depositions shall occur after the submission of applicable Expert Reports, and after any production of documents by such experts.

34. To the extent practicable, each expert witness shall be deposed only once to avoid unnecessary duplication and inefficiency, unless otherwise ordered by the Courts.

35. All expert disclosure and discovery deadlines in the Master Proceeding shall be set forth in the Discovery Plan, and may not be extended without further order of the Court on consent or the parties or for good cause shown.

36. Any disputes regarding expert discovery shall be governed by the procedure set out in Paragraph 30 above.

I. **SUBSTANTIVE (NON-DISCOVERY) MOTION PRACTICE**

37. Motion practice on substantive matters in the Master Proceeding, including any dispositive motions, shall be conducted on a consolidated basis. No motion to determine any of the Threshold Common Issues may be made without prior Court approval, which may be sought by telephone conference with the Court. Defendants are exhorted to cooperate and coordinate to

the extent reasonably practicable to minimize the number of briefs, affidavits/declarations and other submissions, and to limit the number of counsel presenting oral argument at any hearing. Subject to the terms of Paragraph 5 above, no Defendant shall be deprived of the opportunity to file such party's own moving, opposition or reply papers and supporting materials, or to be heard at oral argument subject to the Court's right to manage the conduct of hearings and arguments.

38.     Dispositive motions shall be briefed and argued pursuant to further schedules to be established by the Court after consultation with the parties.

**J.     TRIAL(S)**

39.     In the event that any of the Threshold Common Issues is not fully resolved by dispositive motions, and trial is required on the merits of such issue(s) to the extent not decided by dispositive motions, such trial(s) shall be scheduled pursuant to further schedules and procedures to be established by the Court after consultation with the parties.

40.     Such trials shall be consolidated to the extent practicable, without prejudice to the right of any party to seek to, prior to the scheduling of the consolidated trial, move for leave to be severed from such consolidated trial(s) for separate trial(s) for good cause determined by the Court in its exercise of discretion, upon notice and after a hearing.

41.     This Order does not deprive any Defendant of the right to a jury trial on any issues that are not Threshold Common Issues.

**K.     SETTLEMENT OR DISMISSAL OF AFFECTED
         ADVERSARY PROCEEDINGS**

42.     If any Adversary Proceeding affected by this Order is settled or dismissed in whole or in part, the Trustee's counsel shall file a copy of the relevant Bankruptcy Rule 7041 Stipulation or Bankruptcy Rule 9019 motion in the Master Proceeding. The settlement or dismissal of such Adversary Proceedings(s) shall not terminate the obligation of such Defendant(s) and counsel for

such Defendant(s) to maintain the confidentiality of any communications or materials exchanged or discussed by or among Defendants' counsel that are covered by Defendants' common interests in the defense of the Master Proceeding.

**L.**     **JURISDICTIONAL MATTERS**

43.     The Court's findings of fact and conclusions of law on any Threshold Common Issue shall be considered final orders determining such matters as to any parties who have consented or been deemed to have consented to the Court's entry of final orders and judgments in their respective Adversary Proceedings. For all other parties, the Court's findings of fact and conclusions of law shall be treated as a report and recommendation to the District Court for further action pursuant to Bankruptcy Rule 9033 and 28 U.S.C.§ 157(c)(1). Findings of fact and conclusions of law reported and recommended by the Court to the District Court shall be submitted for consideration by the District Court on a procedurally consolidated basis, with the District Court's ruling on such findings of fact and conclusions of law being binding upon all participating parties.

44.     Appeals of any determinations of fewer than all of the Threshold Common Issues shall be permitted only as authorized by this Court, the District Court or the Court of Appeals under the applicable statutes and rules of procedure. Filings by the parties in any appellate proceedings shall be governed by Paragraph 5 above.

45.     This Order does not, subject to the terms of Paragraphs 4, 41, and 43 above, deprive any party of the right to seek withdrawal of the reference to the District Court pursuant to under ~~11 U.S.C. § 158~~ **28 U.S.C. § 157** **[JLG]** and Bankruptcy Rule 5011, and the right of any party affected by such a motion to be heard on such motion.

**M.  RESERVATIONS OF RIGHTS**

46.  Except as provided in this Order, nothing herein constitutes a waiver, surrender or limitation on the rights, claims and defenses of any party.

**N.  MEDIATION**

47.  Nothing in this Order deprives any party to an Adversary Proceeding of the right to seek and participate in individualized mediation for such action in accordance with General Order No. M-452 of the Court, dated June 28, 2013.

**O.  AMENDMENT OF THIS ORDER**

48.  This Order may be modified by: (a) a stipulation of all the parties approved by this Court, or (b) a further order of the Court entered for good cause after notice and hearing.

Dated:  New York, New York
July 20, 2020

/s/ *James L. Garrity, Jr.*
HONORABLE JAMES L. GARRITY, JR.
United States Bankruptcy Judge

## Exhibit A

| | |
|---|---|
| 19-01092-jlg | Silverman v. Nissen |
| 19-01093-jlg | Silverman v. 363 Howard Avenue LLC |
| 19-01094-jlg | Silverman v. Khaimov |
| 19-01095-jlg | Silverman v. Shimunov |
| 19-01096-jlg | Silverman v. Kahn |
| 19-01097-jlg | Silverman v. I&I Realty Group LLC |
| 19-01098-jlg | Silverman v. Capital 7 Cash Funding LLC et al |
| 19-01101-jlg | Silverman v. Kupperman |
| 19-01146-jlg | Silverman v. Ornstein |
| 19-01149-jlg | Silverman v. Ehrlich |
| 19-01150-jlg | Silverman v. Cohenmehr |
| 19-01151-jlg | Silverman v. Shak |
| 19-01152-jlg | Silverman v. Aghai |
| 19-01153-jlg | Silverman v. Lee |
| 19-01154-jlg | Silverman v. Brother K Global Productions LLC |
| 19-01155-jlg | Silverman v. Koschitzky |
| 19-01156-jlg | Silverman v. Opper |
| 19-01157-jlg | Silverman v. Katanov |
| 19-01158-jlg | Silverman v. Watson |
| 19-01159-jlg | Silverman v. Ting |
| 19-01160-jlg | Silverman v. Nissen |
| 19-01162-jlg | Silverman v. Alpert |
| 19-01164-jlg | Silverman v. Larry Larkin |
| 19-01165-jlg | Silverman v. Yiming Lee |
| 19-01167-jlg | Silverman v. Ronald Shapss |
| 19-01168-jlg | Silverman v. Noah Siegel |
| 19-01169-jlg | Silverman v. Alexander Schwartz |
| 19-01170-jlg | Silverman v. M & J Hospitality, Inc. |
| 19-01171-jlg | Silverman v. Samuel Millens a/k/a Sam Millens |
| 19-01172-jlg | Silverman v. Super Thin Pavers, Inc. |
| 19-01173-jlg | Silverman v. Michael Leshinsky |
| 19-01174-jlg | Silverman v. Peter Norden |

| | |
|---|---|
| [19-01177-jlg](#) | Silverman v. Meredith Corporation |
| [19-01178-jlg](#) | Silverman v. Homero Delatorre |
| [19-01179-jlg](#) | Silverman v. Advantage Sports, Inc. |
| [19-01180-jlg](#) | Silverman v. 741 Dyslexington LLC |
| [19-01181-jlg](#) | Silverman v. Community Inspiring Today's Youth |
| [19-01182-jlg](#) | Silverman v. Tommaso Sandretto |
| [19-01183-jlg](#) | Silverman v. Robert Magnus |
| [19-01186-jlg](#) | Silverman v. Gander |
| [19-01187-jlg](#) | Silverman v. Root |
| [19-01188-jlg](#) | Silverman v. Ticket Exchange - Utah |
| [19-01190-jlg](#) | Silverman v. MGM Resorts International |
| [19-01191-jlg](#) | Silverman v. Maksumova |
| [19-01192-jlg](#) | Silverman v. Ashlee Margolis Inc. |
| [19-01193-jlg](#) | Silverman v. Fleischman |
| [19-01194-jlg](#) | Silverman v. Imagine Management Corp. |
| [19-01195-jlg](#) | Silverman v. Aryeh |
| [19-01196-jlg](#) | Silverman v. Weiss |
| [19-01197-jlg](#) | Silverman v. ASDL Consulting, LLC |
| [19-01198-jlg](#) | Silverman v. Erdos |
| [19-01199-jlg](#) | Silverman v. Tech Mahindra (Americas) Inc. |
| [19-01200-jlg](#) | Silverman v. Strauss et al |
| [19-01202-jlg](#) | Silverman v. MS-Flowtechnic ApS |
| [19-01204-jlg](#) | Silverman v. B Asset Manager LP |
| [19-01205-jlg](#) | Silverman v. Todd's Jewelery Co. Inc. |
| [19-01206-jlg](#) | Silverman v. Ticket Software LLC |
| [19-01208-jlg](#) | Silverman v. Klein |
| [19-01209-jlg](#) | Silverman v. Ticket Network Inc. |
| [19-01210-jlg](#) | Silverman v. 1074 Capital, LLC |
| [19-01212-jlg](#) | Silverman v. Sutton et al |
| [19-01213-jlg](#) | Silverman v. Source Capital Group, Inc. |
| [19-01214-jlg](#) | Silverman v. Ticket Wizard, Inc. |
| [19-01215-jlg](#) | Silverman v. InsideSEG LLC, d/b/a Inside Sports & Entertainment |
| [19-01217-jlg](#) | Silverman v. Tickets Deluxe Inc. |
| [19-01220-jlg](#) | Silverman v. Manor Lane Management, LLC et al |
| [19-01221-jlg](#) | Silverman v. Omni Realty Development Corp. |

| | |
|---|---|
| 19-01222-jlg | Silverman v. Omni Management Group Ltd. |
| 19-01223-jlg | Silverman v. Zipes |
| 19-01224-jlg | Silverman v. Zipes |
| 19-01225-jlg | Silverman v. Irina Bulanova |
| 19-01226-jlg | Silverman v. Caesar's License Company, LLC et al |
| 19-01227-jlg | Silverman v. Jackson Sports Advisors, Inc. |
| 19-01229-jlg | Silverman v. Bo's Entertainment Inc., d/b/a Greenline Cons |
| 19-01230-jlg | Silverman v. Simon Posen |
| 19-01232-jlg | Silverman v. Greenline Consulting Services, Inc., d/b/a Greenli |
| 19-01233-jlg | Silverman v. Elite Concierge Groups Inc. and Elite Concierge Gr |
| 19-01236-jlg | Silverman v. JSR Capital LLC et al |
| 19-01237-jlg | Silverman v. Austin Ticket Company et al |
| 19-01238-jlg | Silverman v. J.A.J. Executive Services, LLC |
| 19-01239-jlg | Silverman v. Lew Rose Publishing, LLC a/k/a Lew Rose Production |
| 19-01240-jlg | Silverman v. Mazzen Nasser |
| 19-01241-jlg | Silverman v. TGP Restaurant Group LLC |
| 19-01242-jlg | Silverman v. Got The Ticket, LLC |
| 19-01244-jlg | Silverman v. Pinchasov |
| 19-01245-jlg | Silverman v. Entertainer Basketball Classic, Inc., d/b/a E B C |
| 19-01246-jlg | Silverman v. Charles et al |
| 19-01247-jlg | Silverman v. Plot Commerce |
| 19-01248-jlg | Silverman v. Victoria James Group, LLC |
| 19-01249-jlg | Silverman v. Cohen Consulting Group, Inc. |
| 19-01250-jlg | Silverman v. A&RW Properties LLC |
| 19-01251-jlg | Silverman v. Turner |
| 19-01253-jlg | Silverman v. Stern |
| 19-01256-jlg | Silverman v. BCNY Properties, Inc. |
| 19-01257-jlg | Silverman v. Lawns By Yorkshire, Inc. et al |
| 19-01258-jlg | Silverman v. Smile For Kids, Inc. d/b/a S4K Entertainment Group |
| 19-01259-jlg | Silverman v. Quintevents, LLC |
| 19-01260-jlg | Silverman v. Forty Niners Football Company LLC et al |
| 19-01262-jlg | Silverman v. Plaza Associates, Inc. |
| 19-01263-jlg | Silverman v. I.G. International, Ltd. a/k/a IG World Class |
| 19-01264-jlg | Silverman v. Zalaznick Consulting, LLC |
| 19-01265-jlg | Silverman v. Playboy Enterprises, Inc. |

| | |
|---|---|
| <u>19-01266-jlg</u> Silverman v. Roshelings Co., LLC | |
| <u>19-01267-jlg</u> Silverman v. Laura Huberfeld et al | |
| <u>19-01268-jlg</u> Silverman v. Team One Tickets & Sports Tours, Inc., d/b/a Team | |
| <u>19-01269-jlg</u> Silverman v. Let's Talk Tickets, Inc. | |
| <u>19-01270-jlg</u> Silverman v. Anglo African Shipping of New York, Inc. | |
| <u>19-01271-jlg</u> Silverman v. The Ticket Source, Inc. and Ticketsource Inc. | |
| <u>19-01272-jlg</u> Silverman v. NFL Post Season | |
| <u>19-01273-jlg</u> Silverman v. Hecker | |
| <u>19-01274-jlg</u> Silverman v. LD Posen et al | |
| <u>19-01275-jlg</u> Silverman v. Nissen | |
| <u>19-01277-jlg</u> Silverman v. Bieber | |
| <u>19-01278-jlg</u> Silverman v. Global Sports and Entertainment, Inc. | |
| <u>19-01279-jlg</u> Silverman v. Kremnitzer et al | |
| <u>19-01280-jlg</u> Silverman v. New Orleans Saints, Inc. | |
| <u>19-01281-jlg</u> Silverman v. Silk Road Technology, Inc. | |
| <u>19-01283-jlg</u> Silverman v. MYW Holdings LLC, d/b/a MWE Enterprises, MYW Holdi | |
| <u>19-01286-jlg</u> Silverman v. Stern Investors, LP | |
| <u>19-01287-jlg</u> Silverman v. OMG Trend LLC | |
| <u>19-01288-jlg</u> Silverman v. Quintessentially Artists, Ltd. | |
| <u>19-01289-jlg</u> Silverman v. Stern | |
| <u>19-01290-jlg</u> Silverman v. Stern | |
| <u>19-01291-jlg</u> Silverman v. Last In Enterprises | |
| <u>19-01292-jlg</u> Silverman v. AP Consulting Services | |
| <u>19-01302-jlg</u> Silverman v. Schwebel et al | |
| <u>19-01327-jlg</u> Silverman v. Entrepreneur Growth Capital, LLC | |