MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
Edward J. LoBello
Jordan D. Weiss
1350 Broadway, Suite 1420
New York, New York 10018
(212) 763-7030

*Special Counsel to the Kenneth P. Silverman, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X

In re:

NATIONAL EVENTS HOLDINGS, LLC, *et al.*,

Debtors.

Chapter 7
Case No.: 17-11556 (JLG)
(Jointly Administered)

------------------------------------------------------------------------- X

KENNETH P. SILVERMAN, ESQ., THE CHAPTER 7
TRUSTEE OF THE JOINTLY ADMINISTERED
ESTATES OF NATIONAL EVENTS HOLDINGS, LLC, *et al.,*      Adv. Proc. No.: 19-01196 (JLG)

Plaintiff,

-against-

NAFTALI WEISS,

Defendant.

------------------------------------------------------------------------- X

KENNETH P. SILVERMAN, ESQ., THE CHAPTER 7
TRUSTEE OF THE JOINTLY ADMINISTERED
ESTATES OF NATIONAL EVENTS HOLDINGS, LLC, *et al.,*      Adv. Proc. No.: 19-01250 (JLG)

Plaintiff,

-against-

A&RW PROPERTIES LLC,

Defendant.

------------------------------------------------------------------------- X

**TRUSTEE'S MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR APPROVAL
OF STIPULATION OF SETTLEMENT RESOLVING ESTATES'
CLAIMS AGAINST DEFENDANTS A&RW PROPERTIES AND NAFTALI WEISS**

Kenneth P. Silverman, as the chapter 7 trustee (the "Trustee") of the bankruptcy estates

of National Events Holdings, LLC, National Events Intermediate, LLC, National Event

Company II, LLC, National Event Company III, LLC, and World Events Group II, LLC

(collectively, the "LLC Debtors"), National Events of America, Inc., and New World Events Group, Inc. (collectively, the "Corporate Debtors," and together with the LLC Debtors, the "Debtors"), by his undersigned special counsel, hereby submits this motion (the "Motion") pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), for entry of an order, substantially in the form annexed to the Motion as Exhibit A, pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), for approval of the *Stipulation of Settlement* (the "Stipulation"), a copy of which is annexed to the Motion as Exhibit B, by and between the Trustee and Defendants A&RW Properties LLC ("A&RW") and Naftali Weiss ("Weiss," and together with A&RW, the "Defendants") resolving the Debtors' estates' claims against the Defendants. In support of the Motion, the Trustee sets forth as follows:

## JURISDICTION

1. The statutory predicate for the relief requested herein is section 105(a) of the Bankruptcy Code as complemented by Rule 9019(a) of the Bankruptcy Rules. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS

**A.   Case Background**

1. On June 5, 2017 (the "LLC Debtors' Filing Date"), the LLC Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. After Jason Nissen, the Debtors' principal, was arrested by the FBI for operating an alleged Ponzi scheme and committing fraud, on June 1, 2017, a state court litigation was

2

commenced resulting in the appointment of Edward J. LoBello, Esq., as temporary receiver (the "Receiver") on June 5, 2017.

3. By Order dated June 13, 2017, the Bankruptcy Court entered an Order for the joint administration of the LLC Debtors' estates (*see* ECF Doc. No. 20 in Case No. 17-11556).

4. On June 28, 2017 (the "Corporate Debtors' Filing Date"), the Receiver filed with the Bankruptcy Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code for the Corporate Debtors. Pursuant to a Stipulation and Order entered by the Bankruptcy Court, the Receiver administered the Corporate Debtors' jointly administered bankruptcy cases as estate fiduciary (the "Estate Fiduciary") (*see* ECF Doc. No. 54 in Case No. 17-11798).

5. By Order of the Bankruptcy Court dated August 7, 2017, the LLC Debtors' chapter 11 cases were converted to chapter 7 liquidation proceedings (*see* ECF Doc. No. 143 in Case No. 17-11556), and by Notice of Appointment that same date, Kenneth P. Silverman, Esq., was appointed the Interim Trustee in the LLC Debtors' cases and has since become the permanent trustee (*see* ECF Doc. No. 144 in Case No. 17-11556).

6. On February 11, 2019, the Bankruptcy Court entered the Joint Administration Order for the Debtors' cases. Thereafter, the Office of the United States Trustee appointed Kenneth P. Silverman, Esq., as the chapter 7 trustee of the Debtors' jointly administered estates of the LLC Debtors and the Corporate Debtors.

**B.    The Adversary Proceedings**

7. By complaint dated May 31, 2019, the Trustee commenced an adversary proceeding (the "Weiss Adversary Proceeding") against Weiss asserting causes of action for, *inter alia*, the avoidance of certain transfers from the Debtors to Weiss as alleged fraudulent conveyances, in the amount of $141,724.

8. By Complaint dated June 4, 2019, the Trustee commenced an adversary proceeding (the "A&RW Adversary Proceeding" and together with the Weiss Adversary Proceeding, the "Adversary Proceedings") against A&RW asserting causes of action for, *inter alia*, the avoidance of certain transfers from the Debtors to A&RW as alleged fraudulent

conveyances, in the aggregate amount of approximately $1.2 million.

9. Thereafter, the Parties engaged in informal discovery related to the claims asserted by the Trustee in the Adversary Proceedings.

10. The Defendants assert various defenses, in whole and/or in part, to the claims asserted by the Trustee in the Adversary Proceedings.

11. After extensive negotiations, the Parties have agreed to settle the Adversary Proceedings with prejudice, subject to this Court's approval.

**C.    The Proposed Settlement**

12. As a result of the settlement discussions, the Trustee and the Defendants have agreed, subject to this Court's approval, to terms of settlement embodied in the Stipulation, a copy of which is attached hereto as Exhibit B.

13. The Stipulation provides that the Defendants, jointly and severally, shall pay the Debtors' estates the sum of $225,000 (the "Settlement Sum"), in full and final satisfaction of the Debtors' estates' claims against the Defendants.

14. Consistent with the terms of the Stipulation, the Defendants have paid the Trustee has received the Settlement Sum, which is being held in escrow by the Trustee's counsel.

15. The Stipulation further provides that the Debtors' estates' and the Defendants shall mutually release any and all claims that either holds against the other.

16. The Stipulation is expressly subject to approval by the Bankruptcy Court.

17. The Stipulation also provides that upon the entry of an Order approving the Stipulation, the Adversary Proceedings shall be discontinued with prejudice.

18. The above is a summary of the salient provisions of the Stipulation. Parties in interest are respectfully referred to the Stipulation, attached hereto as Exhibit B, for the remaining provisions of the Stipulation.

**REQUEST AND BASIS FOR RELIEF**

19. By this Motion, the Trustee requests this Court approves the Stipulation.

20. Rule 9019(a) of the Bankruptcy Rules provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

21. As an over-all policy, bankruptcy settlements are favored because settlements generally "minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate." *In re Dewey & LeBoeuf LLP*, 478 B.R. 627, 641 (Bankr. S.D.N.Y. 2012) (Glenn, J.); *see In re Tower Automotive, Inc.*, 342 B.R. 158, 164 (Bankr. S.D.N.Y. 2006) ("there is a general presumption in favor of settlements"); *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) ("the general rule [is] that settlements are favored").

22. To approve a compromise and settlement under Bankruptcy Rule 9019(a), a bankruptcy court should find that the compromise and settlement is fair, equitable, and in the best interests of the debtor's estate. *See Motorola, Inc. v. Official Committee of Unsecured Creditors and JPMorgan Chase Bank, N.A. (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2006); *In re Dewey*, 478 B.R. at 641; *In re Chemtura Corp.*, Case No. 09-11233, 2010 WL 4272727, at * 21 (Bankr. S.D.N.Y. October 21, 2010).

23. However, in determining whether to approve a proposed settlement, a bankruptcy court need not decide the numerous issues of law and fact raised by the settlement, but rather should "canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983) (quotation marks omitted); *see In re Stone Barn Manhattan LLC*, 405 B.R. 68, 75 (Bankr. S.D.N.Y. 2009) (the court is not required to "conduct a mini-trial to 'decide the numerous questions of law and fact raised . . . but rather to canvass the issues' raised by the parties"); *In re Tower Automotive,*

5

*Inc.*, 342 B.R. 158, 164 (Bankr. S.D.N.Y. 2006) ("A court assesses a settlement by determining whether it 'fall[s] below the lowest point in the range of reasonableness.'").

24. Among other considerations, in determining whether a settlement is reasonable, courts in the Second Circuit consider "(1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment; [and] (3) the paramount interests of the creditors." *In re Iridium*, 478 F.3d at 462 (quotation marks omitted).

25. Here, the Trustee believes that the Stipulation represents a fair and reasonable compromise of the Adversary Proceedings and of the claims held by the Debtors' estates against the Defendants and is in the best interest of the Debtors' estates and creditors. By and through the Stipulation, Debtors' estates are receiving the $225,000 Settlement Sum lump sum and a release of any claims held by the Defendants against the Debtors' estates in exchange for a release of Debtors' estates' claims against the Defendants and the discontinuance of the Adversary Proceedings.

26. The Settlement Sum of $225,000 represents a fair compromise of the estates' claims against the Defendants in light of the defenses asserted by the Defendants in accordance with relevant statutory and case law and the Master Proceedings Order [Dkt. No. 784], which acknowledges, for the purposes of the various adversary proceedings, that the Debtors operated as a single enterprise. Although the face amount of the claims against the Defendants are (i) approximately $1.2 million against Defendant A&RW, and (ii) $141,724 against Defendant Weiss, the Defendants have asserted, and substantiated, transfers by Defendant A&RW to the Debtors in the aggregate amount of $1 million. Moreover, the Defendants have asserted that of the $141,724 in transfers to Defendant Weiss, $100,000 was return of principal and only $41,724 was on account of interest and, thus, subject to avoidance. Accordingly, the liability of the

Defendants, net of potentially meritorious defenses, may be estimated as between approximately $241,000 and $341,000. Moreover, by the Stipulation, the Trustee avoids the significant expense of litigating the estates' claims and risks attendant with litigation, including any other statutory and factual defenses that the Defendants may assert and that are being asserted by defendants pursuant to the Master Proceeding Order, as well as risks of collection. Therefore, the Settlement Sum represents a recovery of well in excess of two-thirds of the estates' claims likely provable at trial, which recovery percentage is even greater if the Defendants possess any additional defenses.

27. The receipt of the Settlement Sum will provide the Debtors' estates a significant sum of money to augment a distribution to the estates' creditors and avoids the incurrence of additional administrative fees. Moreover, the waiver of the Defendants' potential claims against the estate reduces the total amount of claims against the estate, thereby increasing the *pro rata* distribution to other creditors of the estate. The settlement embodied in the Stipulation therefore provides substantial benefit to the Debtors' estates and creditors.

28. For the reasons set forth above, the Trustee believes the Stipulation is in the best interests of the Debtors' estates and creditors, and should be approved.

## **NOTICE**

29. The Trustee has provided notice of this Motion to: (i) the United States Trustee; (ii) counsel for the Defendants; (iii) all known creditors of the Debtors' estates; and (vi) all parties who have filed a notice of appearance. The Trustee respectfully submits that such notice is adequate and no other or further notice is required.

**WHEREFORE**, for all of the foregoing reasons, the Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto as <u>Exhibit</u> A, approving the Stipulation, attached hereto as <u>Exhibit B</u>, and grant the Trustee such other and further relief as may be just and proper.

Dated:    New York, New York
          November 16, 2020

        KENNETH P. SILVERMAN, AS TRUSTEE
        By His Special Counsel
        MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

By:    */s/ Edward J. LoBello*
      Edward J. LoBello
      Jordan D. Weiss
1350 Broadway, Suite 1420
P.O. Box 822
New York, New York 10018
(212) 763-7030