**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>NATIONAL EVENTS HOLDINGS, LLC, *et al.*,<br><br>      Debtors. | Chapter 7<br>Case No. 17-11556 (JLG)<br>(Jointly Administered) |
| KENNETH P. SILVERMAN, ESQ., THE CHAPTER 7 TRUSTEE OF THE JOINTLY ADMINISTERED ESTATES OF NATIONAL EVENTS HOLDINGS, LLC, *et al.*,<br><br>      Plaintiff,<br><br>v.<br><br>DAN SHAK,<br><br>      Defendant. | Adv. Pro. No. 19-01151 (JLG) |
| In re:<br><br>CONSOLIDATED PROCEEDINGS ON CERTAIN COMMON ISSUES OF LAW AND FACT | Adv. Proc. No. 20-01198 (JLG) |
| KENNETH P. SILVERMAN, ESQ., THE CHAPTER 7 TRUSTEE OF THE JOINTLY ADMINISTERED ESTATES OF NATIONAL EVENTS HOLDINGS, LLC, et al.,<br><br>Plaintiff,<br>v.<br><br>DEFENDANTS IN THE ADVERSARY PROCEEDINGS LISTED ON EXHIBIT A,<br><br>Defendants. | |

**ORDER GRANTING MOTION OF SILLS CUMMIS & GROSS P.C.**
**TO WITHDRAW AS COUNSEL FOR DEFENDANT DAN SHAK**
**<u>PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1(e)</u>**

Upon the motion (the "*Motion*") of Sills Cummis & Gross P.C. ("*Sills*" or "*Movant*") for entry of an order, pursuant to Local Rule 2090-1(e), (a) authorizing Sills to be relieved as counsel of record to Defendant Dan Shak (the "*Defendant*") in the Adversary Proceeding,[1] the Master Proceeding, and any related proceedings and relieving Sills from any further obligations in connection with such proceedings, in each case, effective immediately upon the entry of the Order without any further action by Sills; and (b) granting other related relief; the Court having determined that jurisdiction over this matter is proper pursuant to 28 U.S.C. §§ 157 and 1334, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that notice of the Motion is sufficient and that no further notice is required; upon the record of the hearing on the Motion; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED.

2.      Effective immediately upon the entry of this Order, and without any further action by Sills, Sills is (a) deemed to withdraw as counsel of record for Defendant in the Adversary Proceeding, the Master Proceeding and any related proceedings, and (b) relieved from any further obligations in connection with the Adversary Proceeding, the Master Proceeding and any related proceedings.

3.      Sills shall no longer receive electronic notices from the Court's CM/ECF system in the Adversary Proceeding or the Master Proceeding.

4.      This Order shall be entered on the docket of both the Adversary Proceeding and the Master Proceeding.

5.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

---

[1] Capitalized terms not otherwise defined herein shall have the means ascribed to them in the Motion.

-2-

-3-

6.      This Order shall be effective and enforceable immediately upon its entry, and there shall be no stay of execution or effectiveness of this Order.

Dated:  June 29, 2026
        New York, New York


/s/ *James L. Garrity, Jr.*
Honorable James L. Garrity, Jr.
United States Bankruptcy Judge